UNITED STATES DISTRICT COURT
for the
District of New Mexico

Civil Division

| | | |
|---|---|---|
| CLARA P. HAWKINS, | ) | Case No._____ |
| Plaintiff, | ) | |
| | ) | Jury Trial:  Yes |
| -v- | ) | |
| | ) | |
| | ) | |
| UNITED STATES AIR FORCE | ) | |
| (Cannon Air Force Base) | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT FOR CIVIL CASE ALLEGING NEGLIGENCE
(Federal Tort Claims Act 28 U.S.C. Part VI Ch. 171; 28 U.S.C. §1346 (b))

I.  The Parties to this Complaint:

  A.  Plaintiff:

   Name                Clara P. Hawkins

   Street Address      3720 Benjamin Davis

   City and County     Clovis, Curry County

   State and Zip Code  New Mexico, 88101

   Telephone Number    (575) 693-9178

   Email address       mk_ladyhawks@yahoo.com

- 1 -

    B.  Defendant:

        Name                United States Air Force (Cannon Air Force Base)

        Mailing Address     1670 Air Force Pentagon

        City and County    Washington, D.C.

        Zip Code           20330-1670

        Telephone Number  (703) 697-3039

II.    Basis for Jurisdiction:

    A.    Plaintiff:

        Clara Hawkins is citizen of the State of New Mexico

    B.    Defendant:

        1.    The Defendant is an agency of the United States of America, and has its principal place of business at 1670 Air Force Pentagon, Washington, D.C. 20330-1670.

        2.    Pursuant to 28 U.S.C. §1346 (b) the United States District Court of New Mexico has jurisdiction over this cause of action.

    C.    Amount in Controversy:

        The amount in controversy is the amount the Plaintiff claims the Defendant owes to the Plaintiff and is more than $75,000, not counting interest and costs of court.  The value of Plaintiff's medical expenses, pain and suffering, loss of enjoyment of life, and

permanent disabilities, which should be compensated for by the Defendant, is valued at $1,000,000.00.

D. Timely Filing:

1. The United States Air Force made a final agency denial of the claim of Plaintiff on February 26, 2018; and pursuant to 28 USC § 2401(b), this Complaint has been filed within six (6) months of such final denial.

2. Prior to the Air Force denying her claim, the Air Force required Plaintiff to file a workers' compensation claim, which was denied by the United States Department of Labor on November 28, 2016, due to the fact that she was not on duty at the time she was injured.

III. Statement of Claim:

NEGLIGENCE OF DEFENDANT

1. On April 25, 2014, at Hangar 4605 at Cannon Air Force Base in Clovis, New Mexico, the Defendant failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances, causing injury to Plaintiff, which required medical treatment and medical expenses, and resulted in pain and suffering and permanent disabilities.

2. On April 25, 2014, Plaintiff Mrs. Clara Hawkins was employed by the United States Air Force as a civilian administrative assistant. She was invited by her commanding officer, Lt. Col. Anthony Figeria, to attend an off-duty dinner party that evening, at Hangar 4605 on Cannon Air Force Base, and to do him a favor and serve as his designated driver.

3. The party was hosted by the 27th Special Operations Wing and was entitled "Combat Dining Out", featuring physical play and other activities, including drinking alcoholic beverages.

4 The officer directly in charge of setting up and overseeing the Combat Dining Out was Captain Stephanie Hedstrom, United States Air Force.   The senior officer in overall command at the event was Colonel Tony Bauernfiend, Wing Commander of the 27th Special Operations Wing, United States Air Force.

5. Plaintiff drove Lt. Col. Figeria to the party, and they arrived at approximately 6:30 P.M.  There were approximately three hundred (300) persons at the party, most of them uniformed Air Force personnel.  Clara Hawkins observed that a water gun/food fight was in full swing.

6. One of the major activities that the party-goers were engaged in was playing on a large 20 foot-tall inflated slide (commonly called a bouncy slide), which had an inflated stairway leading to a landing at the top.

7. At the top landing, there was a long inflated slide down to a mud pit, which was part of the inflated structure.  The bouncy slide was being used in a raucous fashion by many of the Air Force personnel who were guests at the party.

8. Plaintiff neither participated in the bouncy castle activities or any of the other physical entertainment going on at the party, nor did she consume any alcoholic beverages.

9. While socializing with other guests, Clara Hawkins had a chance to meet a former co-worker, SMSgt. Gonzalo Rubio, and they began a conversation.  SMSgt. Rubio pointed out that his wife was standing against a wall and gesturing that she wanted to see Mrs. Hawkins.

10.     As Clara Hawkins started walking toward Mrs. Rubio, she felt something very heavy hit her in the ankle, and she spoke out loud, saying "What is happening?" The next thing she remembers is lying on the floor of the hangar with SMSgt. Rubio standing over her asking if she was okay.

11.     The bouncy slide had become overloaded with rambunctious Air Force personnel on the stairs and platform, had tipped over sideways, came crashing down, and landed on top of Mrs. Hawkins.

12.     Proper supervision by Air Force officers in charge of the event, Captain Stephanie Hedstrom and Colonel Tony Baurenfiend, would have limited the number of persons using the bouncy slide at any one time, so that the twenty foot tall inflated stairway would not fall down on top of bystanders. The careless supervision by senior Air Force officers Captain Stephanie Hedstrom and Colonel Tony Baurenfiend of the excessive number of rowdy and intoxicated Air Force personnel, who crowded onto the bouncy slide and caused it to come crashing down on Clara Hawkins, breached their obligation to use ordinary care to prevent the non-combat activities of the United States Air Force from risking harm and injury to an innocent guest, such as Clara Hawkins.

13.     The failure to properly supervise the activities of Air Force personnel on the bouncy castle was a negligent act by senior Air Force officers, breaching the duty to use ordinary care to prevent dangerous conditions to guests and invitees, which resulted in the injury to Clara Hawkins. The negligent non-combat act of senior Air Force officers is attributable to the United States Air Force under the legal principle of respondeat superior, and therefore establishes the United States Air Force is liable to Plaintiff for the injuries and damages which she suffered.

INJURY CAUSED TO PLAINTIFF

14. Plaintiff recalls that she could not breathe because she had the wind knocked out of her, and she could not move until SMSgt. Rubio and other people had pulled the heavy bouncy castle off of her. After Mrs. Hawkins was assisted up from the floor, she found it very painful to walk to a metal chair, where she sat down.

15. The Cannon Air Force Base Fire Department provided an oxygen mask for Plaintiff, and she waited for the Clovis EMT ambulance to arrive. By the time they arrived, Plaintiff could not move at all due to the pain in her back and her ankle. She was taken by the Clovis ambulance to the nearby hospital, Plains Regional Medical Center, in Clovis.

16. At Plains Regional Medical Center in Clovis, Clara Hawkins received emergency treatment and x-rays to her ankle and back. Although her ankle was badly bruised, there were no broken bones; however, the x-ray of her back revealed that her vertebra at L-3 had been fractured and crushed into a deformed shape.

17. Due to the severity of her injuries, Plaintiff was taken by Clovis Fire Department Ambulance to University Medical Center ("UMC") in Lubbock, Texas, where there were superior trauma facilities.

18. Clara Hawkins arrived at UMC in the early morning of April 26, 2014 and was treated for back and ankle pain. She remained in the hospital until April 27, 2014, under observation for any signs of additional spinal injury.

19. CT scans were performed on her back, which revealed a grade 1 superior deformity of her L-3 disc with 2mm of posterior displacement of the superior aspect of the

vertebra.  The fracture did cause some flattening of the anterior aspect of the thecal sac covering the spinal cord, which contributed to substantial pain experienced by Mrs. Hawkins.

20.     A second CT scan of her back confirmed that she had a wedge compression fracture with some retropulsion of the disc, but no damage to her spinal cord.  She also had a slight reversal of the lordotic curve of the cervical spine and a slight bulging outward of her lumbar spine.

21.     Plaintiff's injuries were caused by the large bouncy castle falling on her and knocking her to the concrete floor of the hangar.

22.     She was given heavy pain and inflammation medications and a supportive back brace, and she was discharged with follow-up visits scheduled after several weeks.  She did not want to continue with synthetic opioid drugs that were prescribed because of known problematic side effects if used long term.

23.     Clara Hawkins stayed out of work, wearing her supportive hard shell back brace, for four (4) weeks.  After that, she had her follow-up visits with the surgery clinic at UMC.  A series of x-rays were performed on her ankle and back.  The ankle showed no abnormalities while her back showed a stabilized fracture at L-3 with mild resulting Kyphosis (a bulging of the back commonly called a humpback) at this level.  No further treatment was scheduled at UMC.

24.     Clara Hawkins had substantial residual pain from her injury, and she was unable to stand or sit for extended periods of time; she could not lift or play with her grandchild or lift even moderately heavy objects; she could no longer engage in her favorite recreational activities, including tennis; and she could not perform household activities which required putting any

stress or motion on her back.   In order to alleviate the pain in her back, she sought several modalities of treatment over the next three (3) years.

25. The treatment which Plaintiff received included physical therapy and home exercises, which were ineffective, and a follow-up spinal surgical consultation.  In connection with the surgical consultation, an MRI was performed on May 29, 2015.  The MRI confirmed the original findings regarding her fractured vertebra at L-3 and identified herniated degenerative discs at L4-5 and L5-S1.  These discs had never been damaged or given her pain before the accident.   However, Mrs. Hawkins declined surgery that would involve so many different locations on her back.

26. Plaintiff then sought a series of spinal pain medication injections from two (2) pain management specialists.  The treatment also included several procedures of nerve-ending burnings.   The pain management treatments provided substantial temporary relief, but the constant, substantial pain continued to return.  After a final series of ineffective injections in February and March of 2017, Mrs. Hawkins decided to discontinue the treatment. She was advised that pain management would never provide permanent relief.

27. Clara Hawkins continues to live with constant and disabling pain in her back, which prevents her from living a normal life, prohibits daily activities such as playing with her grandson, performing ordinary household chores, lifting objects, putting stress on her back, and even sitting for longer than fifteen (15) minutes.  The pain also prevents her from engaging in recreational activities which she used to enjoy.  Mrs. Hawkins' enjoyment of life has been substantially effected since this accident.

28.     Clara Hawkins has incurred financial expenses in connection with the medical treatment of the injuries she sustained in the accident on April 25, 2014.

IV. Relief:

29.     As a result of her injuries sustained due to the negligence of the United States Air Force, Plaintiff incurred medical expenses for treatment of her injuries.  Plaintiff is entitled to damages in the amount of her medical expenses as follows:

| | |
|---|---|
| Clovis Fire Department EMT Ambulance: | $ 1,500.00 |
| Valley Emergency Physicians NM (doctors at Plains Regional Medical Center Emergency Room): | $    742.00 |
| Plains Regional Medical Center Emergency Room: | $ 8,107.00 |
| Healthplex and Physical Therapy | $ 1,988.00 |
| University Medical Center, Lubbock, Texas, Emergency Room and Hospital: | $20,807.00 |
| Grace Clinic of Lubbock: | $ 2,345.00 |
| Roosevelt General Hospital Clinic: | $22,025.00 |
| Roosevelt General Hospital: | $20,245.00 |
| Anesthesia Associates: | $ 1,080.00 |
| TOTAL MEDICAL BILLS | $78,839.00 |

30.     As a result of her injuries sustained due to the negligence of the United States Air Force, Plaintiff incurred, and still experiences, severe and debilitating pain and suffering for which she is entitled to compensation in the amount of :             $400,000.00

31. As a result of her injuries sustained due to the negligence of the United States Air Force, Plaintiff has incurred loss of enjoyment of life for which she is entitled to compensation in the amount of: $200,000.00

32. As a result of her injuries sustained due to the negligence of the United States Air Force, Plaintiff has sustained a permanent disability to her back for which she is entitled to compensation in the amount of: $321,161.00

33. The total value of the damages suffered by Plaintiff due to the negligence of the United States Air Force is $1,000,000.00.

V. Certification and Closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief, that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law, (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;  and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: Daniel R. Lindsey
Bar Number: 3378_____

Name of Law Firm: <u>Lindsey Law Firm, L.L.C.</u>
Street Address: <u>920 Mitchell Street</u>
State and Zip Code: <u>New Mexico, 88101</u>
Telephone Number: <u>(575) 763-8900</u>
E-mail Address: <u>danlindsey@suddenlink.net</u>

WHEREFORE, Plaintiff requests that Defendant be found liable for the injuries caused to Plaintiff on April 25, 2014, and that damages in the amount of $1,000,000.00 be awarded to Plaintiff as compensation for her injury, medical expenses, pain and suffering, loss of enjoyment of life, and disabilities, in addition to costs, expenses, and interest as may be permitted by law.

Respectfully submitted by:
Lindsey Law Firm, L.L.C.

<u>/s/Daniel R. Lindsey</u>
Daniel R. Lindsey
920 Mitchell Street
Clovis, NM  88101
Telephone: (575) 763-8900
Facsimile: (575) 763-1771
danlindsey@suddenlink.net
Counsel for Plaintiff